UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREA MARIE HILL,

    *Plaintiff,*

CASE NO. 1:22-cv-12515

v.

DISTRICT JUDGE LAURIE J. MICHELSON

COMMISSIONER OF
SOCIAL SECURITY,

MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant.*
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT AND TO STRIKE ANSWER
(ECF No. 21)**

### I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DENY** Plaintiff's motion for default and to strike answer. (ECF No. 21.)

### II. REPORT

#### A. Introduction

The instant motion contends that the Commissioner failed to answer the summons and complaint in a timely manner and thus should be defaulted, and that Defendant failed to answer the original complaint and that filing an answer to the amended complaint cannot suffice to satisfy the duty to answer the original complaint. (ECF No. 21.) Plaintiff also complains that each attorney who filed an appearance for Defendant did not file separate

1

answers. (*Id.*) Defendant responds that answer was filed in a timely manner. Defendant was served, by certified mail, with a copy of the complaint on January 4, 2023. (ECF No. 12.) Defendant has 60 days from the date of service to file an answer, Fed. R. Civ. P. 12(a)(2), and an answer (along with the certified administrative transcript) was filed on January 23, 2023, well before the deadline of March 7, 2023. (ECF No. 14, 15.) In addition, Defendant notes that an amended complaint replaces the original one and that attorneys represent the Defendant but are not parties and do not have to file answers. (ECF No. 27.)

### B.  Analysis

As to the motion to strike, Defendant is correct in that once an amended complaint is filed, it supplants the original complaint, and only the amended complaint then need be answered. *United States v. Goff,* 187 F. App'x 486, 492 (6th Cir. 2006). In addition, attorneys do not file answers, only defendants do. Therefore, the motion to strike the answer should be denied.

As to the motion for default, default can occur when the defendant fails to appear in a case, or having appeared, fails to answer the complaint or otherwise defend against it. Fed. R. Civ. P. 55(a); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (3d ed. 1998). The procedures for entering a default judgment are formalized in the Federal Rules, having taken shape from historical *pro confesso* decrees in equity and *nil dicit* judgments at law. *See* 10A Wright & Miller*, supra* § 2681; *see also* Robert Wyness Millar, *Civil Procedure of the Trial Court in Historical Perspective* 367 (1952) (discussing the history of default judgments and noting, "A decree *pro confesso* for

want of an answer after due service of process was thus the general rule of the American chancery practice").

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once this step has been completed, a plaintiff may proceed to request entry of a default judgment. Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

There are some limitations on the entry of default judgments with certain classes of defendants. "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Furthermore, a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

The default entry is distinct from the subsequent default judgment. Fed. R. Civ. P. 55. For the clerk to enter default, the requesting party must provide an affidavit with specific information. Fed. R. Civ. P. 55(a); E.D. Mich. LR 55.1. "It is axiomatic that

3

service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).

In the instant case, as in *Kember v. Saul*, 2020 WL 1036453, at *2 (E.D. Tenn. Feb 12, 2020), Plaintiff did not obtain an entry of default from the Clerk of the Court but instead filed the instant motion. Similarly, Defendant in this case has filed a timely answer within 60 days after service of process. Since Plaintiff seeks a default against the United States, e.g., the Social Security Administration, Plaintiff must first "establish[] a claim or right to relief by evidence that satisfies the court" as required by Fed. R. Civ. P. 55(d). Plaintiff has not alleged any claim or right to relief nor has she offered any evidence to support any such claim. Therefore, the undersigned recommends Plaintiff's motion for default should be denied. *Kember, supra*, at *5 (denying motion for default under similar circumstances).

### C. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Plaintiff's motion for default and to strike answer. (ECF No. 21.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.

4

R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 2, 2024                                  s/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge