UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA MARIE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 22-12515<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [29] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO STRIKE [21]**

Andrea Marie Hill was diagnosed with degenerative joint disease in her left shoulder, a torn rotator cuff, and ulnar abutment syndrome in her left wrist. She claims these conditions prevent her from working full time and make her legally disabled. Hill applied for disability insurance benefits and disabled widow's benefits from the Social Security Administration in 2020, but her application was denied. So Hill filed this lawsuit in October 2022 challenging the Social Security Commissioner's determination that she is not disabled. She amended her complaint in November 2022, and the Commissioner answered the amended complaint in January 2023. Curiously, Hill then moved to strike the answer and moved for a default judgment to be entered against the Commissioner.

Magistrate Judge Patricia T. Morris, to whom all pretrial matters were referred, recommends denying Hill's motion for default because the Commissioner

did file an answer. Hill objects to that recommendation. For the reasons that follow, the Court will overrule Hill's objection and accept the Magistrate Judge's recommendation to deny Hill's motion for default and motion to strike.

I.

Andrea Hill applied for disability insurance benefits in April 2020 and disabled widow's benefits in July 2020, about a year after the alleged onset of her disability and six years after the death of her husband. (ECF No. 1, PageID.4–5.) Hill claimed to be disabled due to degenerative joint disease in her left shoulder, a torn rotator cuff, and ulnar abutment syndrome in her left wrist. (*Id.* at PageID.7.) Although Hill had previously worked as a janitorial supervisor, kitchen food assembler, produce grader, warehouse worker, and assistant manager, she had not engaged in substantial gainful activity since March 2019. (*Id.* at PageID.7, 13.)

After the Commissioner denied her applications, Hill requested a hearing. At a December 2021 hearing, both Hill and a vocational expert testified. (*Id.* at PageID.4.) Later that month, the administrative law judge (ALJ) issued a written decision finding Hill not disabled. (*Id.* at PageID.15.) The ALJ reasoned that, despite her conditions, Hill could still perform her past relevant work as an assistant manager, and with her skills, experience, and limitations could perform work as an order clerk, personnel clerk, or payroll clerk. (*Id.* at PageID.13–14.) After the Appeals Council denied review, Hill filed this lawsuit seeking judicial review of the Commissioner's decision. (*Id.* at PageID.2.)

Hill drafted her original complaint with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, which provided "limited scope assistance." (*Id.* at PageID.1.) Hill believed that information was left out of her original complaint and noticed some errors—such as the social security numbers of herself and her deceased husband being swapped—so she filed an amended complaint, which the Court received on November 14, 2022. (ECF No. 9.) It appears that Hill intended to file this document as a supplement to her complaint, rather than an amended complaint. (*See* ECF No. 21, PageID.1444 (describing the amended complaint as "supplemental documents submitted by the Plaintiff to the Court as only additional facts to the Complaint"); ECF No. 20, PageID.1437 ("The Plaintiff Andrea Hill's Amendment was added information to her original Complaint for the defend[a]nt, not a replacement of the original Complaint filed on October the 19th of 2022, and granted on October the 21st of 2022 . . . Andrea Hill asked that the Court note or consider the Plaintiff['s] original Complaint as an[] addendum not an Amended Complaint. I did also ask a clerk to note the file also.").) However, Plaintiff did not file a motion to supplement the complaint nor was she seeking to add information that occurred after the filing of the original complaint, *see* Fed. R. Civ. P. 15(d), so her document was properly docketed as an amended complaint. (ECF No. 9.)[1]

---

[1] It appears some of Hill's confusion came from the Court website's instructions on how to file an amended complaint. She quotes the website, saying, "Your complaint may be amended after it has been filed. The Complaint cannot be amended by filing separate or supplemental documents." (ECF No. 21, PageID.1445 (cleaned up).) But even in the screenshot she attaches, the website clearly states: "All parties and claims must be included in the amended complaint. The amended complaint completely replaces the original complaint." (ECF No. 21, PageID.1447.)

3

Having received the amended complaint, the Social Security Commissioner filed an answer. (ECF No. 14.)

Hill, not realizing her amended complaint replaced her original complaint, argued that the Commissioner's answer did not address all of the allegations in her complaint. (ECF No. 20, PageID.1437 ("The Plaintiff Andrea Hill's Amendment was added information to her original Complaint for the defend[a]nt, not a replacement of the original complaint filed on October the 19th of 2022, and granted on October the 21st of 2022. The original Complaint has still not been [a]nswered as of February the 10th 2023.").) She filed a motion requesting that the clerk enter a default judgment against the Commissioner for failing to answer the complaint in its entirety. (ECF No. 21, PageID.1444 ("The Plaintiff's basis of the default is that the defend[a]nt attorneys never answered the summons and complaint according to the Fed. R. Civ. P[. ]12 or the Fed. R. Civ P[. ](55)a. The defend[a]nt attorneys answered only the supplemental documents submitted by the Plaintiff to the Court as only additional facts to the Complaint.").) In that same motion, she asked the Court to

---

To explain another way, the website tells plaintiffs that if they are going to file an amendment to their complaint, they must file a completely new complaint, not merely a supplemental document. Hill seems to have interpreted this in the opposite way—thinking she could file a supplemental document without amending the complaint. But the proper course for amending a complaint is correcting any incorrect information and adding any additional information, without removing information in the original complaint that a litigant would like the Court to consider. (*See id.* ("All parties and claims must be included in the amended complaint.").) The Court cannot simply combine the old complaint and the new complaint because, once an amended complaint is filed, it "completely replaces the original complaint" (*id.*) and only that amended complaint must be answered, *United States v. Goff*, 187 F. App'x 486, 492 (6th Cir. 2006).

4

strike the Commissioner's answer, in part because it did not respond to all her allegations and in part because she never received it. (*Id.* at PageID.1445 ("The defend[a]nt[']s Certification of Service was insufficient and inadequate. The Plaintiff never received an answer or certified copy of transcript by the United States Postal Service. I[m]proper service. The defend[a]nt[']s attorney willfully and knowingly and deliberat[e]ly used the known wrong address on the answer to the Plaintiff's supplemental documents. If the Plaintiff's supplemental documents were used by the defend[a]nt[']s] attorneys to answer, then the defend[a]nt deliberately ignored the correct known address on the last page of the supplemental documents.").) Hill also took issue with the fact that each attorney did not file a separate answer. (*Id.* ("All of the defend[a]nt attorneys that filed a notice of appearance as representing the defend[a]nt did not answer the summons and complaint.").)

Following Hill's motion for default, she also filed a request for the clerk to enter default against the Commissioner and her attorneys. (ECF No. 22.) This request was denied because an answer had been filed. (ECF No. 25.)

In response to Hills motion, the Commissioner argued that there was no reason to strike her timely filed answer, Hill was not entitled to default judgment, and Hill did not follow the proper procedure for obtaining a default judgment. (ECF No. 27.)

On January 2, 2024, Magistrate Judge Patricia Morris issued a Report and Recommendation that Hill's motion for default and motion to strike be denied. (ECF No. 29, PageID.1511.) On February 5, Hill filed objections to this recommendation. (ECF No. 37.) Because the Court finds that Hill's objections are without merit, the

5

Court will adopt the Report and Recommendation without waiting for the Commissioner to respond to Hill's objections.

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Hill also asks the Court "please to take into consideration that I am an indignant [sic] disabled pro-sec [sic] with no prior knowledge of law, and to also grant leniency and empathy as the Plaintiff Andrea Hill proceeds with her Federal Case." (ECF No. 20, PageID.1436.) The Court is not insensitive to Hill's difficulties. And it is true that a pro se litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

6

But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id.* (citation omitted); *see Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Hill raises numerous objections to the magistrate judge's report and recommendation. (ECF No. 37.) The Court finds it helpful to summarize these objections as follows:

| | |
|---|---|
| Objection 1 (*id.* at PageID.1572) | Questions the "validity," "conformity," and "integrity" of the R&R |
| Objection 2 (*id.* at PageID.1572–1573) | The R&R says it was filed in the Northern Division instead of the Southern Division |
| Objection 3 (*id.* at PageID.1573) | The case number written on the R&R is "1:22-cv-12515," whereas the proper case number is "2:22-cv-12515" |
| Objection 4 (*id.*) | The defendant's attorney who filed an appearance did not "appear or defend the defendant" |
| Objection 5 (*id.* at PageID.1574) | Attorneys who did defend the case did not file appearances |
| Objection 6 (*id.*) | Local counsel filed an answer but never filed an appearance and is "an out-of-state Bar member" |
| Objection 7 (*id.* at PageID.1575) | "The defend[a]nt U.S. Attorney for the district or the Assistant U.S. Attorney's [sic] names should not have appeared in the answer itself, from the defendant" |
| Objection 8 (*id.*) | Hill was not served the notice of appearance, allegedly in violation of Federal Rule of Civil Procedure 5 and the Constitution |
| Objection 9 (*id.*) | Hill requested that her amended complaint be filed as a supplemental pleading, in addition to rather than in place of the original complaint, and the defendant did not oppose this request |
| Objection 10 (*id.* at PageID.1576) | "[Hill] did not state that separate answers from each attorney needed to be submitted. The Plaintiff stated [that] each attorney who filed a[] notice of appearance did |

7

|  | not answer." Only one attorney filed an appearance, but a different attorney answered |
|---|---|
| Objection 11 (*id.*) | The R&R says Hill served the defendants, but actually the U.S. Marshals Service did |
| Objection 12 (*id.* at PageID.1576–1577) | These errors result from practices and procedures intended to violate the Plaintiff's Fifth and Fourteenth Amendment rights and have caused Hill emotional distress |
| Objection 13 (*id.* at PageID.1577) | Hill was never served with a copy of the answer |
| Objection 14 (*id.*) | "[Hill] asked the Court to strike the answer for" improper service, a "deceptive certificate of service," and because the defendant did not answer the original complaint |
| Objection 15 (*id.* at PageID.1578) | The attorney of record violated Local Rule 83.25 "by not appearing in the answer" |
| Objection 16 (*id.*) | The SSA improperly handled Hill's original claim for benefits |
| Objection 17 (*id.* at PageID.1579) | The ALJ improperly handled Hill's original claim for benefits |
| Objection 18 (*id.* at PageID.1580) | The attorney's appearance does not have the defendant's signature on the first page |
| Objection 19 (*id.*) | Local counsel engaged in "the unauth[o]rized practice of law" when he answered the complaint without "counsel of record . . . being present" and without having filed an appearance |
| Objection 20 (*id.*) | Magistrate Judge Morris did not "order[] the defendant to appear and defend the complaint" |

In the end, none of these objections entitle Hill to the entry of a default. This is a straightforward issue that is governed by Federal Rule of Civil Procedure 55. Under that Rule, a default is not warranted where, as here, defendant has timely filed an answer. And without a default, a plaintiff is not entitled to a default judgment. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (citation omitted).

To try to help Hill move forward, however, the Court will endeavor to briefly address her voluminous objections.

Objections 1 and 20 are general objections that do not point out a defect in Judge Morris' reasoning but simply disagree with her conclusion. "Merely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 15-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). Accordingly, these objections are overruled.

Objections 2 and 3 point out errors in the caption of the Report and Recommendation. Hill is correct that the caption should state "Southern Division" but instead states "Northern Division" and that the case number should be 2:22-cv-12515, not 1:22-cv-12515. (*See* ECF No. 29, PageID.1511.) But these scrivener's errors do not affect the clarity of the recommendation, nor do they justify overruling Judge Morris' conclusions. *See Gomez v. Berryhill*, No. 18-11738, 2019 WL 5680841, at *4 (E.D. Mich. June 11, 2019), *report and recommendation adopted sub nom. Gomez v. Comm'r of Soc. Sec.*, No. 18-11738, 2019 WL 3491621 (E.D. Mich. Aug. 1, 2019) ("Typographical errors in drafting do not require remand when the [Judge's] true meaning is easily discernible" (internal quotation marks and citations omitted)); *U.S. v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (defining scrivener's errors to include "typing an incorrect number"). So these objections are overruled.

Objections 8, 13, and 14[2] deal with issues of service. Hill says she was never served with a copy of opposing counsel's appearance (ECF No. 37, PageID.1575 (objection 8)) or answer (*id.* at PageID.1577 (objection 13)) despite her correct address being listed on "every document except the original complaint" (*id.* (objection 14)). Indeed, the notice of appearance does not contain a certificate of service (*see* ECF No. 11), and no proof of service was filed. But the defendant included a certification of service with the answer saying that Hill would be notified of filings through the ECF system, since she was a registered E-filer, and that Hill was mailed a copy of the answer. (ECF No. 14, PageID.67.) That mail was sent to the wrong address, as Defendant admits (*see* ECF No. 27, PageID.1474), but after Hill contacted defense counsel regarding the error, the answer was sent via overnight mail to the correct address (*id* at PageID.1474–1475).

Even if it were true that Hill was not served the answer, that would not entitle her to a default judgment against the Commissioner. *See, e.g.*, *Bohmier v. United States*, No. 14-226, 2015 WL 4756546, at *2 (E.D. Ky. Aug. 10, 2015) ("[C]ourts have held that a federal defendant's failure to serve a timely answer to a complaint is not a sufficient ground for entry of default against the Government." (citing *George v.*

---

[2] Objection 14 also restates Hill's argument from the motion to strike and motion for default—that the defendant did not answer the original complaint. Hill has made this argument many times already. (*See* ECF No. 20 (asserting that that defendants did not respond to allegations in her original complaint); ECF No. 21 (asserting that defendants only answered the amended complaint and that each attorney did not file an answer); ECF No. 23 (same).) And Judge Morris fully considered, and ultimately rejected, this argument. (ECF No. 29, PageID.1511–1514.) Hill's objection does not identify a specific problem with Judge Morris' reasoning and is accordingly overruled.

10

*Internal Revenue Serv.*, 344 F. App'x 309, 311 (9th Cir. 2009))); *Britford v. Collins*, No. 07-0306, 2007 WL 4371670, at *1 (S.D. Ohio Dec. 4, 2007) (finding default improper where the defendants electronically filed their answers but failed to serve a hard copy on a pro se plaintiff); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. 2004) ("[E]ntry of default judgment against the United States will not be based simply on a failure to file an answer or responsive pleading."); *Greenbaum v. United States*, 360 F. Supp. 784, 789 (E.D. Pa. 1973) ("A court may not enter default judgment against the government merely for failure to file a timely response."). So these objections are overruled.

Objection 11 also deals with service, but this time Hill challenges the Report and Recommendation's characterization of her service of the defendant. (ECF No. 37, PageID.1576.) She says, "The defendant wasn't served at any time by the Plaintiff on January 4, 2023. This date of service is fictitious in the R&R and the (ECF No. 12) is when the Marshal[]s filed the original complaint certification for the Marshal[]s service of certified mail on Nov. 28th 2022." (*Id.* (cleaned up).) The Court has difficulty comprehending this objection. The U.S. Marshals Service is responsible for serving complaints in pro se cases. *See, e.g.*, *Britford*, 2007 WL 4371670, at *1. Judge Morris correctly noted that the "Defendant was served, by certified mail, with a copy of the complaint on January 4, 2023." (ECF No. 29, PageID.1512.) Judge Morris does not say that Hill was the one who served the complaint. And to the extent Hill argues that the complaint was not served on the defendant, this prevents her from obtaining a default judgment against the Commissioner. *See Maryland State Firemen's Ass'n v.*

11

*Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Objection 9 addresses Hill's request that her amended complaint be treated as a supplemental filing, rather than a replacement of her original complaint. This has already been addressed. Judge Morris also addressed this issue in her recommendation. (ECF No. 29, PageID.1512 ("[O]nce an amended complaint is filed, it supplants the original complaint, and only the amended complaint then need be answered.").) Hill's disagreement with that conclusion is not a proper objection. It is overruled.

Objections 16 and 17 refer to the underlying proceedings in Hill's social security case. These issues were not raised in her motion for default and motion to strike. (*See* ECF No. 21.) On review of a report and recommendation, the Court may not consider issues that were not raised before the magistrate judge. *Toland v. Corr. Med. Servs., Inc.*, No. 09-14660, 2010 WL 4683922, at *2 (E.D. Mich. Nov. 10, 2010) ("[A] district court will not review matters that are not first presented to the magistrate judge for decision."); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived.").

Objection 12 is difficult to understand but appears to also raise new issues that were not raised in Hill's original motion. It states in its entirety, "These are continuous Knowingly and willingly, deceptive, Intentional Practices and Procedures

In this R&R. To frustrate the fairness of Federal Court procedures and the Plaintiff's Constitutional Rights. The 5th and the 14th amendments. An has caused the Plaintiff emotional distress to a even Pre-trial." (ECF No. 37, PageID.1576–1577.) None of Hill's objections rise to the level of any due process violation.

The remainder of Hill's objections—4, 5, 6, 10, 15, 18, and 19—challenge the conduct of the defense attorneys. The Court does not find that the defense attorneys violated the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, or the rules of professional conduct for attorneys. *See e.g.* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by *at least one attorney of record* in the attorney's name—or by a party personally *if the party is unrepresented*." (emphasis added)); E.D. Mich. LR 83.25 ("An attorney appears and becomes an attorney of record by filing a pleading *or* other paper *or* a notice of appearance." (emphasis added)). And again, none of these issues entitle Hill to a default or default judgment.

Hill makes no objection to Judge Morris' finding that she "has not alleged any claim or right to relief nor has she offered any evidence to support any such claim." (ECF No. 29, PageID.1514.) This alone prevents Hill from obtaining a default judgment against the Social Security Administration under Federal Rule of Civil Procedure 55(d).

In sum, the Court agrees with the clerk's office denial of a default and Judge Morris' analysis and conclusion denying Hill's subsequent request for a default or default judgment. The Commissioner's answer was timely, the Commissioner did not

13

need to answer the original complaint because an amended complaint was filed, and which attorney filed the answer for the Commissioner does not affect the default analysis. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (explaining that an amended complaint supersedes all previous complaints and becomes the operative pleading); *Parks v. Fed. Express Corp.,* 1 F. App'x 273, 277 (6th Cir. 2001) (explaining that once an amended complaint is filed, an original complaint "cannot be used to repair defects in a subsequent complaint").

### IV.

For the foregoing reasons, Hill's objections (ECF No. 37) are OVERRULED, and the Report and Recommendation (ECF No. 29) is ADOPTED. Hill's motion for default judgment and motion to strike (ECF No. 21) is DENIED.

SO ORDERED.

Dated: February 7, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE