UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA MARIE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 22-12515<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [32], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [23], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [28]**

Andrea Marie Hill was diagnosed with degenerative joint disease in her left shoulder, a torn rotator cuff, and ulnar abutment syndrome in her left wrist. She claims these conditions prevent her from working full time and make her legally disabled. Hill applied for disability insurance benefits and disabled widow's benefits from the Social Security Administration in 2020, but her application was denied. Hill then filed this lawsuit in October 2022 challenging the Social Security Commissioner's determination that she is not disabled. Magistrate Judge Patricia T. Morris, to whom all pretrial matters were referred, recommends affirming the Commissioner's decision. Hill objects to that recommendation. As will be explained, the Court will overrule Hill's objection and accept the Magistrate Judge's recommendation to grant the Commissioner's motion for summary judgment and affirm the Commissioner's disability determination.

I.

Hill applied for disability insurance benefits in April 2020 and disabled widow's benefits in July 2020, about a year after the alleged onset of her disability and six years after the death of her husband. (ECF No. 1, PageID.4–5.) Although Hill had previously worked as a janitorial supervisor, kitchen food assembler, produce grader, warehouse worker, and assistant manager, she had not engaged in substantial gainful activity since March 2019. (*Id.* at PageID.7, 13.)

After the Commissioner denied her applications, Hill requested a hearing, which she received in December 2021. At the hearing, both Hill and a vocational expert testified. (*Id.* at PageID.4.) Later that month, the administrative law judge (ALJ) issued a written decision finding Hill not disabled. (*Id.* at PageID.15.) The ALJ reasoned that, despite her conditions, Hill could still perform her past relevant work as an assistant manager, and with her skills, experience, and limitations could perform work as an order clerk, personnel clerk, or payroll clerk. (*Id.* at PageID.13–14.)

After the Appeals Council denied review, Hill filed this lawsuit seeking judicial review of the Commissioner's decision. (*Id.* at PageID.2.) Each side filed a motion for summary judgment. (ECF Nos. 23, 28.) Magistrate Judge Morris issued a Report and Recommendation that the Court grant the Commissioner's motion and affirm the Commissioner's decision under 42 U.S.C. § 405(g). (ECF No. 32.) Hill objected to the recommendation. (ECF No. 39.) Because the Court finds that Hill's objections are

without merit, the Court will adopt the Report and Recommendation without waiting for the Commissioner to respond to Hill's objections.

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Hill asks the Court "please to take into consideration that I am an indignant [sic] disabled pro-sec [sic] with no prior knowledge of law, and to also grant leniency and empathy as the Plaintiff Andrea Hill proceeds with her Federal Case." (ECF No. 20, PageID.1436.) The Court is not insensitive to Hill's difficulties. And it is true that a pro se litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

But it is also true that the Court is bound by the standards of review that govern these types of cases. More specifically, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### III.

Hill raises seven objections to the magistrate judge's report and recommendation. But six of these objections are merely restatements of Hill's previous arguments in her motion for default and to strike and the objections she raised to the magistrate judge's recommendation to deny that motion. (ECF No. 39, PageID.1595–1596 (objecting to attorneys' conduct), 1596–1597 (objecting to case number on court documents), 1597 (objecting to service), 1597–1598 (objecting to defendant's answer).) The Court has already addressed these objections in its last ruling and will adopt and incorporate its reasoning here. (ECF No. 38, PageID.1593 (attorneys' conduct), 1589 (case numbers), 1590–1592 (service), 1592 (answer).) So objections one, two, three, five, six, and seven are overruled.

The only new issue that Hill raises is objection four: "The defendant commit[t]ed gross-negligence [sic] and violated the Plaintiff[']s Due-process [sic] of law." (ECF No. 39, PageID.1596.) But this is not a specific objection to Judge Morris' reasoning and does not demonstrate any error in the ALJ's ruling either. Nor did Hill raise any negligence or due process claims before Judge Morris. So they cannot be raised for the first time in this objection. *See Toland v. Corr. Med. Servs., Inc.*, No.

4

09-14660, 2010 WL 4683922, at *2 (E.D. Mich. Nov. 10, 2010) ("[A] district court will not review matters that are not first presented to the magistrate judge for decision."); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived."). So this objection is also overruled.

In short, Hill does not raise any viable objection to Judge Morris' finding that the ALJ's ruling was supported by substantial evidence and complies with the procedural rules governing disability determinations. (ECF No. 32, PageID.1553–1562.) So the Court accepts this finding.

**IV.**

Because the Court has already fully addressed the arguments that Hill presents in her objection, Hill's objection (ECF No. 39) is OVERRULED, and the report and recommendation (ECF No. 32) is ADOPTED.

Because the Commissioner's decision to deny Hill's application for disability insurance benefits is supported by substantial evidence, Hill's motion for summary judgment (ECF No. 23) is DENIED, the Commissioner's motion for summary judgment (ECF No. 28) is GRANTED, and the ALJ's decision is AFFIRMED under 42 U.S.C. § 405(g).

SO ORDERED.

Dated: February 22, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE